**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1042**

---

KYLIE AMISON,

        Plaintiff - Appellee,

    v.

GEORGE MASON UNIVERSITY; THE RECTORS AND VISITORS OF GEORGE MASON UNIVERSITY,

        Defendants - Appellants,

   and

JOHN DOES 1-25; SOCRATES DIMITRIADIS,

        Defendants.

---

**No. 23-1385**

---

KYLIE AMISON,

        Plaintiff - Appellee,

    v.

SOCRATES DIMITRIADIS,

        Defendant - Appellant,

   and

GEORGE MASON UNIVERSITY; RECTORS AND VISITORS OF GEORGE MASON UNIVERSITY; JOHN DOES 1-25,

        Defendants.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:22-cv-00731-CMH-WEF)

———————————

Submitted:  October 25, 2023                    Decided:  December 28, 2023

———————————

Before NIEMEYER and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Reversed and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Jason S. Miyares, Attorney General, Coke Morgan Stewart, Deputy Attorney General, Eli S. Schlam, Assistant Attorney General, Andrew N. Ferguson, Solicitor General, Erika L. Maley, Principal Deputy Solicitor General, Graham K. Bryant, Deputy Solicitor General, M. Jordan Minot, Assistant Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellants.  Keith Altman, THE LAW OFFICE OF KEITH ALTMAN, Farmington Hills, Michigan, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, George Mason University ("Mason" or "the University")[1] and Socrates Dimitriadis (collectively, "Defendants") appeal the district court's orders denying their motions to dismiss. We reverse the district court's orders and remand with instructions to dismiss the amended complaint.

I

Generally, a district court's denial of a motion to dismiss is not immediately appealable. *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). However, Defendants appeal the denial of sovereign immunity on the claims against the University and the denial of sovereign and qualified immunity on the claims against Dimitriadis in his official and individual capacity, respectively. Accordingly, we have jurisdiction to review the district court's orders. *Davis v. City of Greensboro*, 770 F.3d 278, 282 (4th Cir. 2014) (qualified immunity); *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 247 (4th Cir. 2012) (sovereign immunity).

We review the district court's denial of Defendants' Fed. R. Civ. P. 12(b)(1), (6) motions de novo. *Occupy Columbia*, 738 F.3d at 115. In doing so, "we are obliged to accept the [amended] complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff[]." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018).

---

[1] The University operates under the corporate name "The Rector and Visitors of George Mason University." Va. Code Ann. § 23.1-1500(A) (2016).

3

Plaintiff Kylie Amison filed this putative class action lawsuit based on disciplinary proceedings instituted against her while was enrolled as a student at Mason.  According to Amison's amended complaint, in May 2020, Dimitriadis, a professor in the Computer Science Department, accused her of violating the University's Honor Code by engaging in academic misconduct.  Dimitriadis determined that the program code Amison submitted in one of her assignments in his course was "unorthodox," and a program he used—Measure of Software Similarity ("MOSS")—had flagged the assignment for plagiarism.  (J.A. 12-13).[2]  Dimitriadis notified Amison of the alleged violation and informed her that she would be referred to the Office of Academic Integrity.  Amison asserts that the Computer Science Department regularly levels false accusations of cheating against students as a result of inter-departmental politics.

Approximately one month later, Amison appeared before the University's Honor Committee, and Dimitriadis testified.  According to Amison, despite the fact that her challenged assignment contained less than two pages of code, and "[o]ther universities have found that MOSS" is ineffective for reviewing shorter assignments, Dimitriadis failed to inform the Committee of this limitation.  (J.A. 14).  Amison also alleged that the Honor Committee failed to afford her the opportunity to cross-examine Dimitriadis and that she was otherwise ill-equipped to do so because her expert witness "was sequestered from the hearing during . . . Dimitriadis' testimony."  (J.A. 12).  The Honor Committee found

---

[2] Citations to "J.A." refer to the joint appendix filed by the parties in these appeals.

4

Amison responsible for violating two sections of the Honor Code; she failed the course and was suspended for one semester.

Based on these allegations, Amison raised two claims under 42 U.S.C. § 1983. She argued that Defendants deprived her of her right to due process under the Fourteenth Amendment and, further, had conspired to deprive her of this right. She also brought a state law claim of breach of contract against Mason. In addition to monetary damages, Amison sought declaratory and injunctive relief "declaring that [sic] Defendants' actions unlawful and enjoining . . . investigation and hearing of [Amison] and the [putative class] because the investigation and hearing was conducted in an unprofessional and prejudicial manner, it was tainted, and that evidence obtained through MOSS software be excluded." (J.A. 22).

Mason moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing, *inter alia*, that it was not a "person" amenable to suit under § 1983 and that, as a state-supported university, it was entitled to Eleventh Amendment immunity as "an arm of the Commonwealth of Virginia."[3] The district court summarily denied the motion, stating: "It appear[s] to the Court that Plaintiff's Amended Complaint states a claim upon which relief may be granted." (J.A. 61). Mason moved for reconsideration and renewed its motion to dismiss under Fed. R. Civ. P. 12(b)(1), emphasizing that the court had not addressed Mason's claim of sovereign immunity. The court summarily denied the motion.

---

[3] Because a district court's denial of a motion to dismiss is generally not immediately appealable, we limit our discussion to the parties' arguments related to sovereign and qualified immunity.

5

Dimitriadis similarly moved to dismiss under Fed. R. Civ. P. 12(b)(1), (6), echoing Mason's sovereign immunity argument and further contending that he was entitled to qualified immunity for the claims brought against him in his personal capacity. The court summarily denied Dimitriadis' motion.

## II

On appeal, Defendants reiterate their arguments that they are entitled to sovereign immunity and that Dimitriadis is entitled to qualified immunity. Turning first to Defendants' assertion of sovereign immunity, it is well established "that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (internal quotation marks omitted). This immunity also extends to state agencies and other government entities properly characterized as "arms" of the State. *Id.* ("[A] State and its 'arms' are, in effect, immune from suit in federal court."). Like the State itself, state officers acting in their official capacity are also entitled to Eleventh Amendment protection because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, "[a]s such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Amison concedes that Mason, as a public university, is an "arm" of the Commonwealth of Virginia.[4] *See also Litman v. George Mason Univ.*, 186 F.3d 544, 547 (4th Cir. 1999) (observing that Mason "is a state-created university subject at all times to the control of the Virginia General Assembly" (cleaned up)); *id.* at 557 (concluding that Mason had "waived its Eleventh Amendment immunity" in that case by accepting Title IX funding).  Amison argues, however—as she did in the district court—that her claims fall within the *Ex parte Young*[5] exception to Eleventh Amendment immunity because she sought injunctive relief.  In *Ex parte Young*, "[t]he Supreme Court . . . delineated an exception to the application of the Eleventh Amendment . . . [that] permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law." *Bland v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013) (cleaned up).

However, "the [*Ex parte Young*] exception is narrow:  It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct*, 506 U.S. at 146 (cleaned up).  Accordingly, as Defendants assert, it necessarily cannot apply to Amison's claims against Mason, which retains its immunity "against all suits in federal court." *Id.*  Further fatal to

---

[4] To the extent that Amison subsequently cursorily appears to argue that Mason is, in fact, a local government entity amenable to suit, such a "passing shot at the issue" is insufficient to preserve this argument. *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

[5] 209 U.S. 123 (1908).

Amison's argument is that her requested relief was not prospective; rather, she sought a declaration that Defendants' actions were unlawful, and requested that the district court enjoin the investigation and hearing. However, it is clear from Amison's amended complaint that the investigation and hearing occurred entirely in the past.[6] The *Ex parte Young* exception is therefore inapplicable to Amison's claims, and Defendants are entitled to sovereign immunity. Accordingly, the district court erred by denying Mason's motions to dismiss on this ground. Similarly, as a state officer, Dimitriadis is entitled to sovereign immunity on the claims brought against him in his official capacity, and the court erred by denying his motion to dismiss on this ground.

### III

We turn next to Dimitriadis' claim that he is entitled to qualified immunity on the claims brought against him in his individual capacity. Qualified immunity protects qualified "government officials performing discretionary functions . . . from liability for civil damages" if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether an individual is entitled to qualified immunity, a court must determine (1) "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right," and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct."

---

[6] Furthermore, Amison has not contested—in the district court or on appeal—Defendants' assertion that she graduated from Mason in December 2022.

8

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity test may be addressed in any sequence. *Id.* at 236.

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he or she is doing violates that right." *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (cleaned up). "Ordinarily, to answer this inquiry, we need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose to determine whether a reasonable officer would know that his conduct was unlawful in the situation he confronted." *Yates v. Terry*, 817 F.3d 877, 887 (4th Cir. 2016) (internal quotation marks omitted); *see City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam) (assuming without deciding that decisions of courts of appeal may constitute clearly established law for qualified immunity purposes).

The operative question here, then, is whether Dimitriadis was on notice that referring a student to the Honor Committee for suspected plagiarism and testifying at their hearing constituted a violation of a constitutionally-protected property or liberty interest. Because it was not, Dimitriadis is entitled to qualified immunity.

In assessing whether the contours of a particular right are sufficiently clear, "a case directly on point" is not required, "but existing precedent must have placed the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Moreover, we "do not look at the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." *Graves v. Lioi*, 930 F.3d 307, 332 (4th Cir. 2019) (internal quotation marks omitted). Accordingly, at bottom, the key

inquiry is whether "the law provided fair warning that [the official's] conduct was unconstitutional." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 538 (4th Cir. 2017) (internal quotation marks omitted).

Amison contends that she maintained a recognized property interest in her continued education at Mason and a recognized liberty interest in her reputation. In support of her argument that she sufficiently alleged the deprivation of a cognizable property interest, Amison notes that the Supreme Court has assumed, without deciding, that such a right exists. She further argues that she entered into a contract with Mason for her education. However, we rejected these precise arguments in *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 240 (4th Cir. 2021), where we explained that "[t]he Supreme Court and this Court's assumptions, without express recognition, hardly amount to a clearly established right." *See also id.* (emphasizing that "additional arguments regarding an implied contract . . . underscore[s] the unestablished nature of any right"). Thus, Amison has not alleged the deprivation of a clearly established property right.

Amison also asserts that she had a protected liberty interest in her "good name, reputation, honor, [and] integrity," and that her discipline by the Honor Committee plainly calls that protected interest into question. But Dimitriadis did not discipline Amison. *See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 149 (4th Cir. 2009) (explaining that "the University official who conducted the hearing concerning [alleged disciplinary] incidents, and who also administratively adjudicated the ensuing charges . . . was the official who inflicted the alleged constitutional injury"). And Amison points to no authority from the Supreme Court or this Court establishing that a professor acts unlawfully

10

when he refers a student to the Honor Committee for suspected academic misconduct and testifies at their subsequent hearing.  Dimitriadis is therefore entitled to qualified immunity, and the district court erred by denying his motion to dismiss the individual capacity claims against him on that ground.

IV

Accordingly, we reverse the district court's orders and remand with instructions to dismiss the amended complaint.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED AND REMANDED*